UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAVARES FELTON,

    Petitioner,

v.                                                 Case No: 2:16-cv-884-FtM-38CM

USA,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Petitioner's motion seeking discovery in support of his § 2255 motion (Doc. 33). Respondent filed a response in opposition to the motion (Doc. 36). Petitioner seeks leave pursuant to Rule 6(a) of the *Rules Governing Section 2255 Proceedings for the United District Court* to obtain discovery of: (1) his "binding contract for the Fort Myers Police Department from June 0f 2014 till April 2015," a/k/a Petitioner's alleged confidential informant file; (2) "The Freeh Group Report"; and (3) documents related to "the murder of Daniel Hill." *Id*. Respondent does not object to obtaining and providing Petitioner with his alleged confidential informant file. Doc. 26 at 2. Thus, the Court deems this aspect of Petitioner's motion unopposed. Respondent points out that "The Freeh Group Report" is publicly available and provides Petitioner with

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the link to obtain the report but notes it may be subject to law enforcement privileges. *Id*. at 3. Respondent otherwise objects to "The Freeh Report" and documents related to "the murder of Daniel Hill" claiming the requested discovery is not calculated to lead to discovery of admissible evidence. *Ibid*.

A habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Leave of court is required to pursue discovery, which the Court only grants for good cause. *Rules Governing 2255 Proceedings*, R. 6(a). To demonstrate good cause, a petitioner must provide the court with specific allegations that show a reason to believe that the petitioner could, with fully developed facts, demonstrate he is entitled to relief on his petition. *Bracy*, 520 U.S. at 908–09.

Petitioner seeks "The Freeh Group Report" to challenge his underlying state court convictions which were used to enhance his sentence under the Armed Career Criminal Act (ACCA). When a sentence is imposed under the ACCA, the defendant is precluded in the same action from collaterally attacking the predicate felony conviction. *Custis v. United States*, 511 U.S. 485, 487 (1994). Nor, can the defendant challenge the predicate felony convictions through his motion to vacate under 28 U.S.C. § 2255. *Daniels v. United States*, 532 U.S. 374, 382 (2001).[2] Consequently, the Court finds Petitioner does not demonstrate good cause to warrant discovery of "The Freeh Group Report."

To the extent discernable, Petitioner requests documents related to "the murder of Daniel Hill" to prove that one of the firearms that was in his possession was used in Mr. Hill's murder and presumably belonged to another person; and, by implication Petitioner

---

[2] An exception exists only when the earlier conviction is obtained in violation of the right to counsel under *Gideon v. Wainright.* McCarthy v. United States, 320 F.3d 1230, 1232–33 (11th Cir. 2003).

is actually innocent of being in possession of a firearm. The Court fails to see how proof of the firearm's ownership or its prior use negates Petitioner's *possession* of the firearm as affirmed by Petitioner in his Plea Agreement. Thus, the Court finds Petitioner does not demonstrate good cause and denies Petitioner's request for this discovery.

Petitioner's Motion for Clarification (Doc. 46) filed on June 15, 2018, seeking clarification to whether the Court has granted his request for discovery, is granted to the extent the Court has ruled on the same herein.

Accordingly, it is now

**ORDERED:**

1. Petitioner's motion (Doc. 33) is **GRANTED** and Respondent, if it has not already done so shall provide Petitioner with his "binding contract for the Fort Myers Police Department from June 0f 2014 till April 2015" **within ten (10) days** of the date of this Order. In all other respects, the Motion (Doc. 33) is **DENIED**.

2. Petitioner's Motion for Clarification (Doc. 46) is **GRANTED** to the extent set forth herein.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3